HAROLD MANNING, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Manning v. Commissioner
Docket No. 4606-79
United States Tax Court
T.C. Memo 1981-526; 1981 Tax Ct. Memo LEXIS 224; 42 T.C.M. (CCH) 1132; T.C.M. (RIA) 81526; September 21, 1981
*224 Harold Manning, pro se. Henry E. O'Neill, for the respondent. HALL MEMORANDUM OPINION HALL, Judge: Respondent determined a $ 1,159 deficiency in petitioner's 1976 income tax. Petitioner lived in Palo Alto, California, when he filed his petition. Although the parties did not file a stipulation of facts, they did agree prior to trial on all the facts presented in this case. Petitioner was sworn and given an opportunity to testify, but he added no additional evidence through his testimony. He said he had additional substantiation to offer in support of the deductions he claimed on his return. He was given one week to produce such additional substantiation and add it to the record, but he produced nothing. Respondent conceded that in 1976 petitioner was entitled to use head of household tax rates, to claim a dependency exemption for his son, and to take a portion of the itemized deductions claimed on the return (as listed on page 3 of the Audit Statement, Exhibit A). The only issue remaining was whether petitioner had substantiated various itemized deductions in excess of the amounts conceded by respondent. Since petitioner produced no evidence *225 at trial or afterwards, he has failed to substantiate any additional amounts of deductions. Petitioner, on whom the burden of proof rests (Rule 142(a), Tax Court Rules of Practice and Procedure), has failed to sustain his burden. Decision will be entered under Rule 155.